IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MACKEY, | No. C 07-4189 SI |
| Petitioner, | **ORDER** |
| v. | |
| THOMAS G. HOFFMAN, *et al.*, | |
| Respondents. | |

On July 13, 2009, the Court denied petitioner's petition for a writ of habeas corpus, and entered judgment in this case. On March 17, 2010 and March 31, 2010, the Court received two letters from petitioner (not his counsel), inquiring about the status of this case. It was evident from petitioner's letters that he was unaware that his petition had been denied and that judgment had been entered. By order filed April 16, 2010, the Court ordered petitioner's counsel to file a response to the letters. On May 3, 2010, petitioner's counsel filed a response to petitioner's letters, stating, *inter alia*, that for a variety of reasons relating to his communications with petitioner and his family, counsel had not performed any work on this case since filing the amended petition. *See* Docket No. 17.

On June 2, 2010, the Court held a status conference with counsel. Both in the status statement filed prior to the June 2, 2010 conference, as well as during the conference, petitioner's counsel requested that the Court vacate the July 13, 2009 judgment and reopen the case. During the conference, the Court stated that while it was not inclined to vacate the judgment in order to reopen the case, the Court intended to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), and enter a new judgment to afford petitioner the opportunity to appeal because it appeared from the record that petitioner was unaware that the petition had been denied. However, upon further research, the Court

has determined that it lacks discretion to vacate the judgment under these circumstances. *See generally In re Stein*, 197 F.3d 421 (9th Cir. 1999). "'Rule 4(a)(6) [of the Federal Rules of Appellate Procedure][1] provides the exclusive means for extending appeal time for failure to learn that judgment has been entered. Once the 180-day period has expired, a district court cannot rely on the one-time practice of vacating a judgment and reentering the same judgment in order to create a new appeal period.'" *Id*. at 425 (quoting 16A Charles Alan Wright et al., *Federal Practice and Procedure* § 3590.6 at 228 (3d ed. 1999)). Here, even if the Court construed petitioner's March 17, 2010 letter as a motion for an extension of time to file a notice of appeal, the Court could not grant relief because the March 17, 2010 filing was made outside the 180-day limitations periods contained in Rule 4(a)(6). The Court emphasizes that if it possessed the discretion to vacate and reenter the judgment in order to allow petitioner the opportunity to appeal, the Court would do so. Finding that it does not possess such discretion, however, the reqeust to vacate is DENIED.

**IT IS SO ORDERED.**

Dated: December 3, 2010

SUSAN ILLSTON
United States District Judge

---

[1] Rule 4(a)(6), "Reopening the Time to File an Appeal," states,

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.